IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE P., <br><br> Claimant, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Respondent. | No. 20 C 4689 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Madeline P.[1] ("Claimant") seeks review of the final decision of Kilolo Kijakazi,[2] Acting Commissioner of the Social Security Administration ("Commissioner"), denying her application for supplemental security income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the exercise of jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7]. This Court, therefore, has jurisdiction pursuant to 42 U.S.C. § 405(g). The parties filed motions for summary judgment. *See* [ECF Nos. 15, 20, 21, 22]. This matter is fully briefed and ripe for decision.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using her first name and the first initial of the last name.

[2] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

For the reasons discussed in this Memorandum Opinion and Order, Claimant's Motion for Summary Judgement [ECF No. 15] is granted, and the Commissioner's Motion for Summary Judgement [ECF No. 20] is denied.

## PROCEDURAL HISTORY

On August 8, 2017, Claimant filed an application for supplemental security income, alleging a disability beginning on September 1, 2007. (R.15). Her application was denied initially on December 6, 2017, and again on reconsideration on April 6, 2018, after which Claimant requested a hearing before an administrative law judge ("ALJ"). (R.15). On May 28, 2019, Claimant appeared and testified at a hearing before ALJ Lana Johnson. (R.15). At the hearing, Claimant was represented by counsel. (R.15). During the hearing, the ALJ also heard testimony from Claimant's father and Caroline Ward-Kniaz, a vocational expert. (R.15).

On August 29, 2019, the ALJ issued her decision denying Claimant's application for supplemental security income. (R.15-24). The ALJ followed the five-step evaluation process required by the Social Security Regulations to determine if an individual is disabled. *See* 20 C.F.R. § 416.920(a). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since August 8, 2017, the application date. (R.17). At step two, the ALJ found that Claimant had the following severe impairments: fibromyalgia, depression, and anxiety. (R.17).

At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

416.920(d), 416.925 and 416.926). (R.18). In particular, the ALJ stated that she evaluated Claimant's fibromyalgia consistent with Social Security Ruling 12-2p and concluded that there was no evidence that her fibromyalgia, in combination with her other impairments, met or medically equaled any relevant listing. (R.18). The ALJ also considered listings 12.04 and 12.06 and concluded that Claimant did not manifest clinical signs or findings that met or equaled the criteria of any of those listings. (R.18). In making that finding, the ALJ considered whether the "paragraph B" criteria were satisfied and concluded that Claimant did not meet the paragraph B criteria. (R.18). The ALJ, however, did note that Claimant had mild limitations in understanding, remembering, or applying information and adapting or managing oneself and had moderate limitations when interacting with others and with regard to concentrating, persisting, or maintaining pace. (R.18-19). The ALJ also considered whether the "paragraph C" criteria were satisfied and concluded there was nothing in the record that documented Claimant had a serious and persistent mental disorder as described in Section 12.04C and 12.06C. (R.19).

Before proceeding from step three to step four, an ALJ assessed Claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). Here, the ALJ concluded that Claimant had the RFC to perform medium work "except she is able to understand, remember and carryout simple, routine and repetitive tasks; use judgment limited to simple work related decisions; have occasional interaction with supervisors and

3

coworkers; is not able to perform tandem or coordinated tasks with coworkers; and is able to have brief and superficial interaction with the general public." (R.19-20).

At step four, the ALJ determined that Claimant did not have any past relevant work. (R.23). At step five, the ALJ considered Claimant's age, education, work experience, and RFC and concluded that there are jobs that existed in significant numbers in the national economy that Claimant can perform. (R.23). For all of these reasons, the ALJ found Claimant has not been under a disability, as defined in the Social Security Act, since August 8, 2017, the date her application was filed. (R.24). The Appeals Council declined to review the matter on July 6, 2020, making the ALJ's decision the final decision of the Commissioner. (R.1-6). Therefore, this Court now has jurisdiction to review this matter. 42 U.S.C. § 405(g); *Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## STANDARD OF REVIEW

When a claimant files an application for supplemental security income, she bears the burden under the Social Security Act to bring forth evidence that proves her impairments are so severe that they prevent the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(5)(A); *Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (citing 42 U.S.C. § 423(d)(1)(A)). A five-step inquiry controls whether an individual is eligible for supplemental security income under the Social Security Act, which the Seventh Circuit has summarized as follows:

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4)

4

the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy."

*Butler v. Kijakazi,* 4 F.4th 498, 501 (7th Cir. 2021) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005); 20 C.F.R. § 416.920). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022).

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotations omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek,* 139 S.Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the

evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant asserts three arguments challenging the ALJ's decision: (1) the ALJ's listing level analysis at Step 3 was deficient; (2) even if the ALJ's listing level analysis was not erroneous, the RFC assessment did not accommodate Claimant's limitations in combination; and (3) the ALJ improperly rejected the opinions of Claimant's treating mental health professionals. The Court agrees with Claimant that this case requires remand.

At the outset of the listing level analysis, the ALJ asserts that she "has evaluated the claimant's fibromyalgia consistent with Social Security Ruling 12-2p" and then concludes "there is no evidence that the claimants [sic] fibromyalgia, in combination with the claimant's other impairments, meets or medically equals any relevant listing." (R.18). The ALJ, however, does not provide any explanation how

6

she considered Claimant's fibromyalgia alone or in combination with Claimant's other impairments. The ALJ's decision contains insufficient markers for the Court to discern the ALJ's analysis and how she reached that conclusion. The Court cannot assume or speculate about what the ALJ was thinking. The ALJ must provide a sufficient explanation as to what evidence she considered, how she weighed that evidence, and why she made the findings she made. None of that explanation was provided in this case. Therefore, remand is required.

As to Claimant's RFC, the Court again agrees with Claimant that the ALJ's analysis was deficient. An ALJ's analysis of a claimant's RFC "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). An ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but she must build a logical bridge from the evidence to his conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). It is well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth "specific reasons" for discounting subjective reports of symptoms. *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009) (citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009)); *Steele v. Barnhart,* 290 F.3d 936, 941-42 (7th Cir. 2002).

Claimant applied for supplemental security income in 2017 at the age of 25, claiming she has never been able to work due to fibromyalgia, depression, and anxiety, which the ALJ found were severe impairments. Claimant testified that she has almost daily thoughts of suicide and as well as frequent widespread body pain.

7

(R.36, 39). She testified that she leaves home no more than two or three times per month and that she has trouble sitting, standing, and walking for any significant period of time. (R.42-43). Claimant has been diagnosed with fibromyalgia, major depressive disorder, and generalized anxiety disorder as well as bi-polar disorder and post-traumatic stress disorder. (R. 310, 336, 398).

In this case, the ALJ summarized the medical evidence in the record, but did not provide sufficient explanation how that evidence supports the RFC finding, particularly in light of conflicting evidence in the record and Claimant's testimony. It is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other critical evidence. *Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014). The Court cannot assume or speculate about what the ALJ was thinking to support the RFC limitations. The ALJ erred by not providing a sufficient narrative discussion of how the record evidence supported her determination that notwithstanding Claimant's limitations she is capable of performing medium level work. The Court is left with two critical and dispositive questions: (1) how does the clinical evidence support the ALJ's RFC assessment; and (2) how does the ALJ specifically account for Claimant's fibromyalgia and her mental limitations in that RFC assessment? The ALJ's opinion does not sufficiently answer these questions.

Most significant is the ALJ's failure to discuss in any detail Claimant's testimony about her pain. The Seventh Circuit has repeatedly noted that "pain alone can be disabling," even in the absence of objective test results that evidence a disabling condition. *Stark v. Colvin,* 813 F.3d 684 (7th Cir. 2016); *Carradine v.*

8

*Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). Although the ALJ is not required to accept Claimant's testimony about her pain or any other complaints without question, the ALJ must minimally explain why she did not fully credit Claimant's testimony and how she accommodated the limitations she did credit. The ALJ did not do so here. The Court cannot, and will not, make assumptions about how the ALJ evaluated and weighed the evidence and Claimant's testimony. *Briscoe*, 425 F.3d at 352 (finding that an ALJ must explain how the evidence supports their specific functional restrictions); *Scott v. Astrue*, 647 F.3d 734, 740-41 (7th Cir. 2011) (holding that an ALJ must consider claimant reports on the limiting pain of their medically determinable impairments). Therefore, the case must be remanded for further explanation from the ALJ.

Finally, as to Claimant's treating physicians, the Court finds that the explanation the ALJ provided about her evaluation of the opinions of Claimant's treating physicians is deficient. Although an ALJ is no longer required to assign controlling weight to the opinion of a treating physician, an ALJ still should properly consider the consistency of the opinion with the record as well as the nature and extent of the treatment relationship. 20 C.F.R § 1520c. In this case in a rather perfunctory manner, the ALJ found the opinions of Claimant's treating psychologists unpersuasive. The ALJ found that "the opinions are not consistent with the record, which show the claimant seeking minimal treatment for her mental health condition and having mostly unremarkable mental status evaluations." (R.22).

9

The Court is puzzled by this statement given the lengthy and ongoing treatment relationships Claimant had with her two treating psychologists and the detailed narratives each treating psychologist provided to explain their findings and the impact of Claimant's limitations on her ability to function. (R.362-366; 368-372). And both opinions are consistent with each other. There also are treatment records that support the treating psychologists' assessments, but the ALJ did not discuss them. (R.293-302; 356; 374-387). The ALJ simply states in a conclusory fashion that the treating psychologists' opinions are not consistent with the record. (R.22). It is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other critical evidence. *Scrogham,* 765 F.3d at 696-99. It is unclear if the ALJ considered the treatment records from Claimant's treating psychologists and did not find them persuasive or if the ALJ ignored those records. In either case, remand is required.

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In the Court's view, the ALJ's explanation for the weight given to the opinions of Claimant's treating psychologists is deficient, and this case must be remanded for further explanation.

10

## CONCLUSION

For the reasons discussed above, Claimant's Motion for Summary Judgment [ECF No. 15] is granted, and the Commissioner's Motion for Summary Judgement [ECF No. 20] is denied. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 15, 2023